IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD HOUSTON, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-2291-B-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward Houston has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed for lack of subject matter jurisdiction.

**Background**

On February 4, 2010, Petitioner was convicted of misdemeanor assault family violence in Dallas County and was sentenced to 300 days confinement in the Dallas County Jail to commence on that date. His conviction was modified and affirmed on direct appeal. *See Houston v. State*, No. 05-10-00356-CR, 2011 WL 1348638 (Tex. App. – Dallas, Apr. 11, 2011, no pet.). According to Petitioner, he filed a state habeas petition that was denied without hearing by the state trial court on July 18, 2012, but the article 11.07 application was never forwarded to the Texas Court of Criminal Appeals for consideration. *See* Dkt. No. 4.

-1-

Petitioner now seeks post-conviction relief on grounds that he received ineffective assistance of counsel and that he is actually innocent of the offense of conviction. The undersigned magistrate judge, *sua sponte*, questioned whether Petitioner was "in custody" for the offense of conviction at the time that he filed his habeas petition and therefore instructed Respondent to file a preliminary response on the issue of subject matter jurisdiction. *See* Dkt. No. 5. Respondent filed a response reporting that he never had custody of Petitioner for the misdemeanor assault conviction and that Petitioner was serving an unrelated 30 year sentence for murder at the time he filed his habeas petition. *See* Dkt. No. 10. Although he was permitted to do so, *see* Dkt. No. 5, Petitioner has not filed a reply.

## Legal Standards

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See Hendrix v. Lynaugh,* 888 F.2d 336, 337 (5th Cir. 1989). Although a prisoner need not be physically confined to be "in custody" for the purposes of Section 2254, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *see also Hendrix,* 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy Section 2254's "in custody" requirement). A court is

obligated to address subject matter jurisdiction *sua sponte* even if has not been raised by the parties in an action. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

## Analysis

Petitioner seeks to challenge his 2010 conviction for assault by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based on Petitioner's habeas application, the attached memorandum of law, the fact of Petitioner's incarceration in the Texas Department of Criminal Justice ("TDCJ") when he filed the habeas application, and Petitioner's recent release from TDCJ custody, it is clear that the challenged conviction has fully expired and that he is no longer in Dallas County's custody for that crime. Indeed, Respondent has provided an affidavit to establish that Petitioner, at the time that he filed this habeas application, was serving an unrelated sentence for murder in the TDCJ. *See* Dkt. No. 10-1 at 2-4. That is, Petitioner was transferred to TDCJ custody on March 30, 2010 after his mandatory supervision was revoked for a murder conviction. *See id.*

Petitioner does not argue or suggest that there is a "positive, demonstrable relationship" between his expired conviction and his incarceration at the time that he filed his federal habeas petition. *See Sinclair v. Blackburn,* 599 F.2d 673, 676 (5th Cir. 1979). Despite being afforded an opportunity to file a reply brief to "explain why the Court has subject matter jurisdiction over this action and respond to Respondent's brief on that issue," Dkt. No. 5 at 2, Petitioner has not met his burden to establish subject matter jurisdiction pursuant to the habeas statute, *see, e.g.*, *Longoria v. Thaler*, No. C-09-128, 2010 WL 518926, at *2 (S.D. Tex. Feb. 2, 2010). Accordingly, the Court does

not have subject matter jurisdiction to consider a habeas challenge to Petitioner's conviction and sentence for misdemeanor assault family violence.

## Recommendation

Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE